IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-298 |
| | § | C.A. No. C-06-18 |
| ERASMO MUNOZ, JR., | § | |
| | § | |
| Defendant/Movant. | § | |

### ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Defendant Erasmo Munoz, Jr.'s ("Munoz") motion to vacate, set aside or correct his sentence pursuant to § 2255, which is deemed filed as of January 10, 2006.[1] (D.E. 35).[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Munoz's motion because it is time-barred. Additionally, the Court DENIES Munoz a Certificate of Appealability.

---

[1] The Clerk received Munoz' motion on January 17, 2006. The motion indicates that it was signed on January 10, 2006. (D.E. 35 at 7). That is the earliest date it could have been delivered to prison authorities for filing, and it is thus deemed filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid); United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings).

[2] Dockets entries refer to the criminal case, C-01-cr-298.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On October 25, 2001, Munoz pleaded guilty to count one of the indictment against him, which charged him with knowingly and intentionally possessing with intent to distribute approximately 2 kilograms of cocaine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. (D.E. 1, 9, 10). On January 4, 2002, the Court sentenced Munoz and judgment was entered against him on January 8, 2002. (D.E. 27, 28). Munoz did not pursue a direct appeal.

Munoz did not file any other post-conviction motions prior to filing his § 2255 motion on January 10, 2006. (D.E. 35). In it, Munoz asserts that this Court erred in sentencing him based on facts neither found by a jury beyond a reasonable doubt nor admitted by him, and that his sentencing violated his constitutional rights. He relies for support on United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005)[3] and Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), and argues that both cases should be applied retroactively.[4]

---

[3] For purposes of this Order, familiarity with the holdings in Booker is assumed.

[4] Munoz also argues that he is "actually innocent" and thus, that he should be permitted to proceed under the "savings clause" of § 2255. The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255 (emphasis added). As is evident from the above text, the savings clause permits an application for a writ of habeas corpus to be brought in certain limited circumstances, as an alternative to relief under § 2255. The clause has no relevance to an initial § 2255 motion. Accordingly, the Court does not address Munoz's arguments on this point further.

### III.  DISCUSSION

**A.    Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[5]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Munoz on January 8, 2002.  (D.E. 28).  The period for Munoz to file a notice of appeal from the judgment against him expired ten days later.  Fed. R. App. P. 4(b).  At the time that Munoz's judgment was entered, Fed. R. App. P. 26 provided that the ten-day period for appealing did ***not*** exclude intermediate Saturdays, Sundays and legal holidays.[6]  Calculated under Rule 26 in effect at that time, then, ten days after January 8, 2002 was January 18, 2002.  In this case, Munoz did not appeal.  His conviction therefore became final when the time for filing an appeal expired, or on January 18, 2002.  Munoz's time period for filing a motion pursuant to 28 U.S.C. § 2255

---

[5]  The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[6]  At the time final judgment was entered against Munoz, Rule 26(a)(2), Fed. R. App. P., provided that when calculating time under the Federal Rules of Appellate Procedure, a litigant should "[e]xclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 7 days, unless stated in calendar days."  Effective December 1, 2002, the rule reads that a litigant should "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days."  See 2002 Adv. Comm. Notes, Fed. R. App. P. 26.

expired a year after that date, or on January 18, 2003. Munoz' motion is deemed filed as of January 10, 2005. Thus, it was filed almost two years late beyond the deadline as calculated under § 2255(1), and is untimely.

Munoz appears to be claiming that his motion should be deemed timely and addressed by the Court because it relies on two cases that he claims are retroactively applicable. Additionally, he notes that he filed his motion within one year of Booker being decided, and thus it should be deemed timely. His reliance on Booker does not render his motion timely, for the reasons discussed in Section III.B. infra. Similarly, irrespective of whether the Crawford decision should be retroactively applied, it does not entitle Munoz to relief because its holding is inapplicable here. See infra at Section III.C.

Munoz does not offer any other reason or argument as to why his motion should be deemed timely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred, as calculated using § 2255(1).

**B.    Booker claim**

Construing his motion liberally, Munoz could be arguing that his claim pursuant to United States v. Booker, 125 S. Ct. 738 (2005) is timely under § 2255(3). See supra note 5. That provision would render his claim timely only if Booker applies retroactively to cases already final on direct review when it was decided. Munoz spends a large portion of his lengthy supporting memorandum arguing in favor of Booker's retroactivity. The Fifth Circuit has squarely held, however, that Booker is not retroactive on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, Booker does not provide a basis for relief to a defendant, such as Munoz, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2. Its non-retroactivity also means that, while a "new rule," it does not satisfy the other requirements of

§ 2255(3) in order to render claims based on it timely. Accordingly, § 2255(3) is inapplicable. Munoz's Booker claim is time-barred and this Court cannot consider it.

**C.     Crawford Claim**

In conjunction with his claim under Booker, Munoz also argues that he is entitled to relief under Crawford, supra. Crawford involved a defendant's right under the Confrontation Clause during his criminal trial. 541 U.S. at 38-42, 124 S. Ct. at 1356-59. In it, the Supreme Court held that testimonial, out-of-court statements by a witness are barred by the Confrontation Clause unless the witness is unavailable and the defendant had a prior opportunity to cross-examine him or her.[7] Crawford, 541 U.S. at 68, 124 S. Ct .at 1374. The Crawford court concluded that the evidence at issue in that case was testimonial evidence that had been admitted during trial in violation of the defendant's Confrontation Clause rights. Id.

Munoz claims that his Confrontation Clause rights were violated during his sentencing, because the Court relied on hearsay evidence, including the Presentence Investigation Report ("PSR") when determining his sentence. The Fifth Circuit has held, however, that "there is no Confrontation Clause right *at sentencing*." United States v. Navarro, 169 F.3d 228, 1236 (5th Cir. 1999) (emphasis added). Moreover, nothing in Crawford suggests that its holding should be applied in sentencing proceedings. Accordingly, even if it were properly before the Court, Munoz's argument based on Crawford fails on its merits.[8]

---

[7] The Court left "for another day" the precise contours of "testimonial" evidence, as opposed to non-testimonial hearsay. 541 U.S. at 68, 124 S. Ct. at 1374.

[8] Several unpublished decisions by the Fifth Circuit have followed the same reasoning in rejecting claims by a defendant that his rights under Crawford were violated at sentencing. See, e.g., United States v. Rigdon, 138 Fed. Appx. 703, 704 (5th Cir. 2005) (denying claim on error at sentencing based on Crawford and noting that the Confrontation Clause right does not extend to sentencing); United States v. Rivera-Benito, 136 Fed. Appx. 690, 692 (5th Cir. 2005) (same); United States v. Edwards, 133 Fed. Appx. 960, 964 (5th Cir. 2005) (same). Although they are of no precedential value, these unpublished decisions are persuasive as to this issue. See Fifth Circuit Rule 45.5.4.

**D.     Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Munoz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Munoz has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is time-barred. Accordingly, Munoz is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Munoz's motion under 28 U.S.C. § 2255 (D.E. 35) is DENIED.  The Court also DENIES him a Certificate of Appealability.

ORDERED this 15th day of March, 2006.

_____
Janis Graham Jack
United States District Judge