# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-01-298 |
| | § | C.A. No. C-06-18 |
| ERASMO MUNOZ, JR., | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER GRANTING MOTION TO REOPEN TIME TO APPEAL

By order signed March 15, 2006 and entered March 16, 2006, the Court denied Erasmo Munoz, Jr.'s ("Munoz") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 36). Final judgment was entered on March 16, 2006. (D.E. 37). Munoz had sixty days from that date to file his notice of appeal, or until May 15, 2006. See Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts (Rule 4(a) of the Federal Rules of Appellate Procedure applies to appeals of § 2255 motions); Fed. R. App. P. 4(a)(1)(B) (deadline for filing notice of appeal is sixty days where United States is a party); see also United States v. Truesdale, 211 F.3d 898, 903 (5th Cir. 2000) (noting same).

On July 14, 2006, the Clerk received from Munoz a document titled a "Motion for Extension of Time to File Objections to the District Court's Order Denying Petitioner's § 2255 Motion." (D.E. 41). In it, he explains that he did not ever receive notice from the Court of the denial of his § 2255 motion. Instead, he asked his sister to ask the Clerk's office regarding the status of his motion. He states that he learned on July 6, 2006 from his sister that the motion had been denied sometime in

1

March.[1] Accordingly, he asks that he be given copies of the documents and "adequate time in which to file any and all objections relating" to his motion. (D.E. 41 at 2). The most common procedure for filing "objections" to the Court's order and final judgment would be for the defendant to file a notice of appeal. The Court therefore construes Munoz's motion as a motion to reopen the time to file an appeal, pursuant to Fed. R. App. P. 4(a)(6).

Under Rule 4(a)(6), this Court may reopen the time to file an appeal for an additional 14-day period only if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

All of these conditions are satisfied in this case. First, the Court finds that Munoz did not receive notice of the entry of the final judgment within 21 days after its entry. Indeed, the docket sheet in this case clearly supports Munoz's contention that he did not receive proper notice of the Court's order and final judgment prior to filing his motion for extension of time. Although the order and judgment were mailed to him twice, they were returned as undeliverable both times.

Specifically, the final judgment was initially mailed to Munoz on March 16, 2006, the date of entry. It was addressed to him, however, at the Nueces County Jail, despite the fact that Munoz's

---

[1] In the first page of his motion, Munoz asserts that he learned in July that his motion had been denied. On the second page, he states that his sister called the Court "sometime in February." The Court presumes that the reference to February is incorrect, since the Court did not even deny the motion until mid-March. (See D.E. 41).

2

motion clearly indicated his correct address at FCI Big Spring. (Compare D.E. 39 (envelope from Clerk addressed to Munoz "c/o Nueces County Jail") with D.E. 35 at 1 and D.E. 36 at 54 (Munoz's motion and supporting memorandum both listing his address as FCI Big Spring)). Because of this error, which is in no way attributable to Munoz, the mail was returned to the Clerk's office as undeliverable. (D.E. 40). Both the order and final judgment were then re-mailed on March 30, 2006 to Munoz at FCI Big Spring. Unfortunately, however, this mailing was also returned because the prison could not identify the recipient. (D.E. 39). It appears that the problem stemmed from the fact that the Clerk's address of record for Munoz had two of the numbers in his federal register number transposed.[2] That error has since been corrected, and the Clerk has mailed Munoz a copy of the Court's earlier order and final judgment to the correct address containing his correct register number. (See July 19, 2006 docket entry). Presumably, he will receive this latest copy. Nonetheless, it is clear that he did not receive notice of the entry of judgment under Fed. R. Civ. P. 77(d) within 21 days after entry. Thus, the first condition of Fed. R. App. P. 4(a)(6) is satisfied.

Second, Munoz filed his motion to reopen the time to appeal before even receiving proper notice, and it has not yet been 180 days since the entry of judgment. Thus, the second condition is also satisfied.[3] See Fed. R. App. P. 4(a)(6)(B).

---

[2] The clerk sent the notice to Munoz listing his federal register number as 98631-079. Munoz had supplied his correct federal register number, 98361-079, on his filings with the Court. (See D.E. 35 at 1; D.E. 36 at 54). Thus, the error cannot be attributed to him.

[3] Although not proper notice, Munoz did receive oral notice via his sister that his motion had been denied. According to his motion, he learned of this on July 6, 2006. His motion was received by the Clerk on July 14, 2006, and thus, while it is undated, it was obviously given to prison officials and mailed prior to that date. (The postmark on the envelope appear to be July 11, 2006, although it is not entirely legible.). Under the rule enunciated in Houston v. Lack, 487 U.S. 266 (1988), motions filed by *pro se* prisoners are generally deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." 487 U.S. at 276; see also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings); Fed. R. App. P. 4(c)(1) (indicating same rule applies to notices of appeal). Since Munoz's motion is deemed filed on some date before July 14, 2006, his motion was filed within 7 days after receiving the informal, verbal notice from his sister. This supports his claim that he has acted diligently in seeking leave to appeal.

Third, this Court finds that no party will suffer any prejudice if this Court reopens the time to appeal. See Fed. R. App. P. 4(a)(6)(C). The appeal will still be filed within five months of the entry of judgment, and no more than three months after the usual deadline for appealing has expired. The government will not be prejudiced by this slight delay, particularly given that the issues in this appeal are primarily issues of law.

For the foregoing reasons, the Court GRANTS Munoz's motion to reopen his appeal (D.E. 41). Munoz has 14 days from the date this order is entered to file a timely notice of appeal. (See Fed. R. App. P. 4(a)(6)).

ORDERED this 24th day of July 2006.

_____
Janis Graham Jack
United States District Judge